

U.S. Department of Justice

FILED
IN CLERKS OFFICE

**Carmen M. Ortiz**
*United States Attorney*
*District of Massachusetts*

2012 DEC 10  P 12: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 15, 2012

Daniel Cloherty, Esquire
Ingrid Martin, Esquire
Collora LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211

    Re:    <u>United States v. APTx Vehicle Systems Limited</u>

Dear Mr. Cloherty and Ms. Martin:

    This letter sets forth the Agreement between the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the District of Massachusetts (collectively "the government"), and your client, APTx Vehicle Systems Limited ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Entry of Guilty Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to an Information charging it with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Defendant expressly and unequivocally admits that it committed the crime charged in the Information, did so knowingly, intentionally, and willfully, and is in fact guilty of that offense.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties on the charge in the Information: a fine of $1,000,000, or twice the gross gain or gross loss, whichever is greater; a mandatory special assessment of $400; restitution as ordered by the Court; and a five-year term of Court supervision; in addition, forfeiture may be ordered.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the government may deem the Agreement null and void. Defendant expressly understands that it may not withdraw its plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree that the sentence recommended below is appropriate considering all of the factors and the process set forth in Section 8, Part C of the United States Sentencing Guidelines:

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(i) in accordance with USSG §2X1.1 and 2B1.1, Defendant's base offense level is 7, because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more;

(ii) in accordance with USSG §2B1.1(b)(1)(H), Defendant's offense level is increased by 14, because the loss exceeded $400,000 but was less than $1,000,000;

(iii) in accordance with USSG §2B1.1(b)(10)(B), Defendant's offense level is increased by 2, because a substantial part of the fraudulent scheme was committed from outside of the United States;

(iv) in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, the adjusted offense level is reduced by 3;

(v) in accordance with USSG §8C2.4, the base fine is $650,000 because the adjusted offense level is 20 and the calculation of either the exact pecuniary gain or pecuniary loss would unduly complicate and prolong the sentencing process;

(vi) in accordance with USSG §8C2.5(a) and (b)(5), the culpability score is 6;

(vii) in accordance with USSG §8C2.6, the minimum multiplier is 1.2 and the maximum multiplier is 2.4; and

2

    (viii) in accordance with USSG §8C2.7, the minimum fine is $780,000 and the maximum fine is $1,560,000.

  The government's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's acceptance of responsibility for the offense of conviction in this case.

  The government may, at its sole option, be released from its commitments under this Agreement, including, but not limited to, its agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit its conduct in the offense of conviction;

    (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d) Fails to provide truthful information about its financial status;

    (e) Provides false or misleading evidence in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g) Intentionally fails to appear in Court or violates any condition of release;

    (h) Commits a crime;

    (i) Transfers any asset protected under any provision of this Agreement; or

    (j) Attempts to withdraw its guilty plea.

5. <u>Agreed Disposition</u>

  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a) a fine in the amount of $1,000,000;

    (b) a mandatory special assessment in the amount of $400; and

       (c)     restitution, as set forth in the separate civil settlement agreement involving the conduct charged in the Information in this case (attached hereto as Exhibit A).

Defendant agrees that the fine will be paid in accordance with the schedule attached hereto as Exhibit B, and will be secured by the Letter of Credit referenced in the civil settlement agreement (Exhibit A).

    6.    **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing.

    7.    **Waiver of Right to Appeal and to Bring Other Challenge**

       (a)     Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that it may, in some circumstances, be able to challenge its conviction in a future (collateral) proceeding, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right it has to challenge its conviction on direct appeal or in any future proceeding.

       (b)     Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in future (collateral) proceedings such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future (collateral) proceeding such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Furthermore, Defendant waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the Sentencing Guidelines are later amended in a way that appears favorable to Defendant. Defendant also agrees not to challenge the sentence in an appeal or collateral proceeding even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

    (c)    The government agrees that it will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

    (d)    Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

9.    <u>Waiver of Presentence Report and Cooperation</u>

If acceptable to the Court, the parties agree to waive the presentence investigation and report pursuant to Rule 32(c)(1) of the Federal Rules of Criminal Procedure, and ask that Defendant be sentenced at the time the guilty plea is entered. If the Court directs the preparation of a presentence investigation report, Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets and any other matters.

10.    <u>Civil and/or Administrative Remedies</u>

By entering into this Agreement, the government does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and its plea of guilty to the charges specified in Paragraph 1 of this Agreement. Nor does the government's entry into this Agreement resolve or replace any administrative causes of action or remedies, including suspension and debarment.

11.    <u>Withdrawal of Plea by Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw its guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the government. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

12.    <u>Breach of Agreement</u>

If the government determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of any Court-ordered supervision, or has committed any crime following Defendant's execution of this Agreement, the government may, at its sole option, be released from its

commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available to it under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Further, the government may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that, should it breach any provision of this Agreement, the government will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by or on behalf of Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the government, as defined in the opening paragraph of this Agreement, and cannot and does not bind any other component of the United States Department of Justice, or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

15. <u>Authorized Representatives of Defendant</u>

Defendant will acknowledge acceptance of this guilty plea agreement by the signature of its counsel and of an authorized corporate officer. Defendant shall provide to the government for attachment to this plea agreement a notarized resolution by its Board of Directors authorizing the corporation to enter a plea of guilty, and authorizing a corporate officer to execute this agreement.

If this letter accurately reflects the agreement between the government and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eugenia Carris.

Very truly yours,

DENIS McINERNEY
Chief, Fraud Section

CARMEN M. ORTIZ
United States Attorney

By: *Catherine Votaw / EMC*
CATHERINE VOTAW
Director, Procurement Fraud
Fraud Section

By: *James F. Lang*
JAMES F. LANG
Chief, Criminal Division

If this letter accurately reflects the agreement between the government and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eugenia Carris.

Very truly yours,

DENIS McINERNEY  
Chief, Fraud Section

CARMEN M. ORTIZ  
United States Attorney

By: *Catherine Votaw*  
CATHERINE VOTAW  
Director, Procurement Fraud  
Fraud Section

By: _____  
JAMES F. LANG  
Chief, Criminal Division

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I am a properly authorized representative of Defendant. I have read this letter in its entirety and discussed it with the attorney for Defendant. I hereby acknowledge that it fully sets forth Defendant's agreement with the government as defined in this Agreement. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which Defendant has agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to Defendant by its attorney. We have had sufficient time to meet and discuss this case. We have discussed the charges against Defendant, possible defenses it might have, the terms of this Plea Agreement and whether Defendant should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly, on behalf of Defendant, because Defendant admits that it is guilty of the offenses to which it is pleading guilty, and this Agreement is in Defendant's best interest.

For: APTx Vehicle Systems Limited
Defendant

By: Butorin Andrey Valentinovich
Authorized Corporate Representative
Date: 12/11/12

I certify that Defendant's authorized corporate representatives have read this Agreement, and we have discussed its meaning. I believe that the corporate representatives are duly authorized to execute this Agreement, that they understand the Agreement, and that Defendant is entering into the Agreement freely, voluntarily and knowingly.

Daniel Cloherty, Esquire
Ingrid Martin, Esquire
Attorney for Defendant

Date: 11/27/2012

8